**Edward FALLIS et al., Plaintiffs-Appellants,**

v.

**TOASTMASTERS INTERNATIONAL, INC., et al., Defendants-Appellees.**

No. 72-1927
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1972.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Edward Fallis, pro se.

James W. Dorsey, Robert B. Hocutt, Atlanta, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a suit for injunctive and other relief filed by appellant, Edward Fallis, an inmate of the Atlanta Federal Penitentiary, on behalf of himself and the class of all inmates and civilian employees of the prison. Appellant's basic complaint is that Toastmasters International, Inc., an organization that seeks "to increase the speaking ability and self-confidence of its members by means of forensic competitions," and some of its officers have refused to charter a Toastmasters' chapter at the prison. The district judge concluded that appellant's allegations failed to invoke federal jurisdiction and dismissed the action. We affirm.

Appellant essentially sought to establish jurisdiction under 28 U.S.C.A. § 1343, which gives federal district courts jurisdiction to hear civil rights actions. His claim centers on an alleged conspiracy to deprive the class of its civil rights, see 42 U.S.C.A. § 1985(3), but we agree with the court below that appellant's allegations are fatally defective. Appellant's argument is that although prison officials approve the chartering of a prison chapter of Toastmasters, the parent organization has through its officers refused to grant appellant that privilege. The denial of the application for a charter was apparently caused not by any invidious bias but rather by some visiting Toastmasters' officials taking umbrage at personal insults incurred when visiting the penitentiary. Appellant cannot be arguing that the class of federal prison inmates and employees is the victim of discriminatory treatment, for he indicates that the Toastmasters have chartered prison chapters before. Similarly, racially motivated discrimination is nowhere alleged. See Griffin v. Breckenridge, 1971, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed.2d 338. See also, Moose Lodge No. 107 v. Irvis, 1972, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627.

Although Congress has wisely sought to remedy many of the injuries and abuses caused by discrimination, appellant has failed to bring his case within the jurisdictional limits of any of those remedial statutes. We find that not every insult, be it imagined or real, will justify a civil rights action in the federal courts. Appellant's indignation at being denied a charter is insufficient to support a claim that a civil right has been deprived.

Affirmed.