Christine HUNTER and Barbara Jean
Mims, Plaintiffs-Appellees,

v.

George A. CLARDY et al., Defendants,

Kenneth F. Copeland,
Defendant-Appellant.

No. 75–4327.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1977.

Earle B. May, Jr., Atlanta, Ga., for defendant-appellant.

Jack LaSonde, Atlanta, Ga., for plaintiffs-appellees.

Before THORNBERRY and GEE, Circuit Judges, and MARKEY,* Chief Judge.

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

THORNBERRY, Circuit Judge:

This civil rights case, arising under 42 U.S.C. § 1983, concerns the alleged false arrest of one of two plaintiffs, mother and daughter, effected during a single encounter. The district court found that the appellant law enforcement officer violated the civil rights of one of the plaintiffs by arresting her without probable cause and with the motive of intimidating the other plaintiff. The appellant was the only one of several defendants to be found liable. We reverse.

According to the district court's findings of fact based on conflicting evidence, which the appellant does not challenge (in fact, he relies on them), appellant and six other law enforcement officers in plain clothes entered plaintiff Hunter's residence after showing her their badges, inquiring if plaintiff Mims was in the house, and stating that they had a bench warrant for plaintiff Mims' arrest for the sale of cocaine. The officers used no force to gain entry. Mims was in the house.

Upon being told that the officers had a warrant for her arrest, plaintiff Mims became hysterical. Officers restrained her to prevent her escape. Plaintiff Hunter and one of the officers became engaged in a struggle near the front entrance of the house as plaintiff Hunter attempted to push another officer out that entrance. Upon seeing this, the appellant came to the scene of the scuffle. Without appellant touching or otherwise provoking plaintiff Hunter, she reached out and scratched him in the area of his right eye, forehead, and cheek. Thereupon, plaintiff Hunter was handcuffed and placed under arrest for simple battery, on direction of appellant (who was the senior officer present). Plaintiffs Hunter and Mims, both under arrest, were then transported to jail. Subsequently, appellant received treatment for superficial injuries to the area of the right eye, forehead, and cheek. In a criminal proceeding on the battery charge, plaintiff Hunter was found not guilty.

The district court found no § 1983 violation in the arrest of plaintiff Mims. It did, however, find that the arrest of plaintiff Hunter constituted a false arrest, and therefore a violation of § 1983 because of lack of probable cause and because the sole and only purpose of this arrest was

an attempt on [the officers'] part to overawe plaintiff Mims with the power possessed by [the law enforcement agency, the Georgia Bureau of Investigation] and thereby intimidate plaintiff Mims into cooperating in their continuing investigation into illegal drugs.

The district court also concluded that Mrs. Hunter's activities

clearly were prompted by the entrance to [sic] her house of a large number of ununiformed persons who might have been masquerading as policemen for all she knew, and anyone in the professional position of defendants should have recognized and made allowances for her overwrought condition.

There is no challenge to the decision against plaintiff Mims. As to the recovery of plaintiff Hunter against appellant, appellant asserts that (1) there was probable cause to arrest, (2) the conclusion as to the reasonableness of Mrs. Hunter's action does not rest on any evidence, and (3) the arrest was not a false arrest and therefore there was no violation of plaintiff Hunter's civil rights.

Our decision in *Rodriguez v. Jones*, 473 F.2d 599 (5 Cir.), *cert. denied*, 412 U.S. 953, 93 S.Ct. 3023, 37 L.Ed.2d 1007 (1973), controls the first issue. There, we held that where the defense of probable cause is available to negate a charge of false arrest, it is also a defense under a § 1983 claim based on an alleged false arrest. 473 F.2d at 604. Here, on the facts as found by the district court, a criminal offense (simple battery, *see* Ga.Code Ann. § 26–1304) was committed in the presence (and on the person) of the arresting officer, thereby justifying arrest without warrant under Ga.Code Ann. § 27–207. Arrest for an offense committed in the officer's presence meets the constitutional requirement of probable cause for arrest. *United States*

*v. Salvo,* 447 F.2d 474, 475–76 (5 Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971).

On the second claimed error, we agree with the appellant that there is insufficient support for the court's conclusion that Mrs. Hunter's actions were reasonable. This conclusion directly contradicts the finding of fact that Mrs. Hunter knew the officers were policemen.

On the third ground of error (*i. e.,* consideration of the officer's motive in a warrantless arrest based on probable cause), Georgia law governs since the district court found the denial of civil rights to be false arrest. Therefore, the question becomes whether motive is relevant to the offense of false arrest in Georgia. Apparently, it is not. *McDuffie v. State,* 121 Ga. 580, 49 S.E. 708 (1905). Once probable cause is established, the arresting officer's *collateral* bad motive is immaterial since the guilt of the arrestee is determined by a judicial officer, not by the law enforcement officer.[1] There is no indication but that the arresting officer believed plaintiff Hunter to have committed the offense with which she was charged.

For these reasons, the judgment of the district court is REVERSED.

1. The converse is not true—where there is not probable cause to arrest, good faith or bad faith in arrest is relevant in a § 1983 suit. This inquiry goes to the question of whether the officer believed that the arrestee had committed an offense. If he so believed in good faith, he enjoys a qualified immunity from § 1983 liability.