Gene H. Kendall, Charlotte, N. C., for plaintiff-appellant.

A. Ed. Lane, Decatur, Ga., for defendant-appellee.

Appeal from the United States District Court for the Northern District of Georgia.

Carl Joseph MUNDY, Plaintiff-Appellant,

v.

The STATE OF GEORGIA, et al., Defendants,

Officer D. C. Brown, of the DeKalb County Police Department, Defendant-Appellee.

No. 78–2116

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1978.

Before BROWN, Chief Judge, and COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

In 1975, Carl Joseph Mundy was arrested and incarcerated for five-and-one-half months on charges of homicide and armed robbery that were later dropped. He subsequently brought this damage suit under 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by his arrest and imprisonment. The suit was originally brought against the State of Georgia, DeKalb County, the Assistant District Attorney for DeKalb County, and Officer D. C. Brown of the DeKalb County Police Department. All defendants except Officer Brown were dismissed prior to trial.

After Mundy had presented his evidence at trial, the District Court, upon proper motion, directed a verdict in favor of defendant Brown. Mundy appeals, contending that he presented sufficient evidence that he had been arrested without probable cause and had been incarcerated in deliberate and malicious disregard of his constitutional rights for his case to go to the jury. After having carefully examined the trial

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

transcript, we conclude that a jury verdict against Officer Brown would not have been warranted and therefore entry of the directed verdict against Mundy was proper. *See generally Boeing Co. v. Shipman,* 5 Cir., 1969, 411 F.2d 365 (en banc); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2524 (1971).

Mundy's principal argument both at trial and on appeal is that a photographic array from which several witnesses identified him as one of two individuals involved in the murder/robbery was so impermissibly suggestive that the identifications could not constitutionally have been admitted against him in a criminal trial. Regardless of how meritorious that argument might be, however, the photographic identifications—together with other information that placed Mundy in the area of the crimes about the time they occurred—certainly provided Officer Brown with ample probable cause to swear out a warrant for his arrest. A police officer who arrests someone with probable cause or a valid warrant is not liable in a § 1983 suit for unlawful arrest. *See Hunter v. Clardy,* 5 Cir., 1977, 558 F.2d 290; *Perry v. Jones,* 5 Cir., 1975, 506 F.2d 778. Nor is that officer liable for any subsequent incarceration over which he no longer has any control.

AFFIRMED.