Jimmy VANCE, Clyde Taylor, Ernest Lambert and Donald Morris, Jr.

v.

Ernest BILLINGSLY, Douglas Griffith, and Scott County, Tennessee.

Civ. No. 3–79–434.

United States District Court, E. D. Tennessee, N. D.

March 20, 1980.

Herbert S. Moncier, Knoxville, Tenn., for plaintiffs.

Frank Vettori, Farrell A. Levy, W. P. Boone Dougherty, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for damages premised solely on 42 U.S.C. § 1983.[1] Plaintiffs, four employees of the Tennessee Valley Authority (TVA), were allegedly arrested and detained for trespassing by defendant Billingsly, a private citizen, and defendants Scott County and Deputy Griffith, concededly public officials (hereinafter "public defendants"), in violation of their constitutional rights. Following trial, the jury returned a verdict in favor of plaintiffs against Billingsly, but in favor of the public defendants.[2]

Defendant Billingsly has timely moved, pursuant to Fed.R.Civ.P. 50(b), for a judgment notwithstanding the verdict or, in the

---

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The public defendants and plaintiffs had compromised their case before a verdict by the jury was rendered, but the jury was not informed of this compromise.

alternative, for a new trial, on the ground that exoneration of the public defendants is, as a matter of law, inconsistent with the imposition of liability upon defendant Billingsly under § 1983. Having thoroughly considered the arguments of counsel, we are constrained to overrule the motion.

■ Two elements are necessary for recovery under § 1983. First, the defendant must be found to have deprived plaintiff of some right, privilege, or immunity "secured by the Constitution and laws" of the United States. Secondly, the defendant must have acted "under color of law." *Adickes v. Kress and Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). The precise issue before the Court is whether, where the under-color-of-law prong is based solely on concert of action between the private defendant and the public defendants, and the public defendants are exonerated from liability by a jury, the private defendant can nevertheless be held liable under § 1983.[3] We hold that he can.

■ The evidence introduced during trial could fairly support a conclusion by reasonable minds either that the public defendants were involved in concerted action with Billingsly, or that they were not. We are, therefore, not at liberty to disturb that finding. *Price v. Firestone Tire and Rubber Co.*, 321 F.2d 725 (6th Cir. 1963). The question presented is purely one of law and may be properly determined on a Rule 50(b) motion. *Texas Continental Life Ins. Co. v. Dunne*, 307 F.2d 242 (6th Cir. 1962).

■ Section 1983 is not aimed at the redress of deprivations committed solely by private individuals. It is only when the State has become involved that the section comes into play. *Adickes, supra; McShane v. Moldovan*, 172 F.2d 1016 (6th Cir. 1949) (construing predecessor statute). The requirement of State action can be satisfied by the establishment of a conspiracy between private individuals and public officials, or by a showing that plaintiffs' rights were violated as a result of their concerted action.

. The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment . . . rights, whether or not the actions of the police were officially authorized, or lawful. [citations omitted] *Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983.* "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. *It is enough that he is a willful participant in joint activity with the State or its agents.*" *United States v. Price*, 383 U.S. 787, 794 [86 S.Ct. 1152, 1157, 16 L.Ed.2d 267] (1966). *Adickes, supra*, 398 U.S. at 152, 90 S.Ct. at 1605. (Footnote omitted) (Emphasis added.)

In *Adickes*, plaintiff sued a private eating establishment under § 1983 alleging that it had deprived her of her equal protection rights by refusing her service because she was in the company of some black people. She did not join the police officer with whom the defendant had allegedly conspired. Nevertheless, the Supreme Court reversed the district court's entry of summary judgment in defendant's favor, holding that plaintiff's uncontroverted affidavit fairly presented a factual issue as to whether an "understanding" between a Kress employee and the police existed. *Adickes, supra*, at 152, 157, 90 S.Ct. at 1605, 1608.

■ Thus, the under-color-of-law requirement creates a threshold jurisdictional issue. There is no requirement that the

---

**3.** For the purposes of this motion, the parties do not dispute that the arrest in this case violated the plaintiffs' Fourteenth Amendment rights. Further, plaintiffs concede that the issue of whether a citizen's arrest pursuant to the Tennessee citizen's arrest statute, T.C.A. § 40–816, necessarily implicates the state, was never presented to the jury. (Pl.Br. at 1). Finally, plaintiffs' counsel does not argue that Billingsly conspired with any unnamed defendants.

other conspirators be joined, or even found liable. *Downs v. Sawtelle,* 574 F.2d 1 (1st Cir. 1978), *cert. den.* 439 U.S. 910, 99 S.Ct. 278, 58 L.Ed.2d 255. For once concerted action has been made out, an independent cause of action lies against the private individual which cannot be defeated by defenses available only to the public officials. As the First Circuit, through Judge Coffin, has stated:

> The concerted action which permits a finding of state action cannot simply be erased by the absence of the state actor as a defendant or by the fact that the state actor might later raise a successful defense to the plaintiff's claim. *Downs v. Sawtelle, supra,* at 15.

■ The jury was instructed that in order to find defendant Billingsly liable, it must find either that he entered into a conspiracy with the public defendants, or that he acted in concert with them. These possibilities are distinct and were presented in the alternative. The difference is one of degree. Thus, while a conspiracy necessarily involves a preconceived plan agreed upon by the conspirators to accomplish a common goal, concerted action only requires "willful participa[tion] in joint activity". *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

■ The proof shows that defendant Billingsly was perceived to be a powerful and influential man in the Scott County community. The proof further shows that he knowingly caused defendant Griffith to hold plaintiffs at the jail while he secured a warrant for their arrest. Based upon this evidence, the jury could have found that defendant Griffith, as well as other Scott County officials, fully cooperated with Billingsly in his own personal efforts to effect the arrest of plaintiffs. Billingsly was clearly a "willful participant", and the cooperation of the public defendants provides the "joint activity" necessary to sustain § 1983 liability. *Adickes, supra.*

■ The good-faith defense available to police officers, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966), has not been extended to private citizens. *See*

*Downs v. Sawtelle, supra,* at 15. The test for establishing the defendant's good faith was announced in *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975):

> A compensatory award will be appropriate only if the [defendant] . . . acted with [malicious intention] or with such disregard of the [plaintiff's] clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith.

There is evidence in the record to support the jury's finding that the public defendants in this case bore no personal animus toward the plaintiffs, and that they did not act unreasonably in believing defendant Billingsly's complaints against the plaintiffs. Such a finding does not contradict the jury's finding that Billingsly was a "willful participant in joint activity" with the public defendants, but only exonerates the public defendants from ultimate liability. *Downs v. Sawtelle, supra.*

■ Defendant Billingsly argues that a private individual is legally incapable of conspiring with an immune State official for the purposes of establishing the under-color-of-law requirement of § 1983. *Sykes v. State of California,* 497 F.2d 197 (9th Cir. 1974); *Meyer v. Lavelle,* 389 F.Supp. 972 (E.D.Pa.1975). Assuming, arguendo, this to be the law in this Circuit, these cases only apply to officials who are *absolutely* immune from § 1983 liability. Any conspiratorial activity undertaken by them cannot, for the purposes of § 1983, be said to be within the scope of their official duties. *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872); *Pierson, supra.* The *defense* of good faith, by contrast, does not defeat the plaintiff's cause of action at the outset, but, successfully raised, only serves to defeat the defendants' liability. The plea of good faith does not affect a public official's legal capacity to "reach an understanding with" a private individual. *See Adickes, supra,* 398 at 152, 157, 90 S.Ct. at 1605, 1608.

In any event, the evidence supports a verdict based upon concerted action which,

as we have previously pointed out, does not rise to the level of a formal conspiracy.

Defendant Billingsly has moved in the alternative for a new trial, upon which motion we are required to conditionally pass. Fed.R.Civ.P. 50(c)(1). As noted above, we view the issue raised by the defendant as one purely of law. The factual findings of the jury are amply supported by the evidence. Accordingly, the motion for a new trial is denied.

For the foregoing reasons, it is ORDERED that defendant's motions for judgment notwithstanding the verdict and for a new trial be, and the same hereby are, denied.

Order accordingly.