[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

No. 10-15102
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-00701-SDM-TBM

RONALD SPRINGMAN,
an individual,

                                          Plaintiff - Appellant,

versus

CITY OF VENICE,
a municipal corporation,
BRETT W. WOODWORTH,
an individual,
TROY CREPEAU,
Sgt., an individual,
JULIE WILLIAMS,
an individual,

                                          Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Ronald Springman appeals the district court's dismissal of his 42 U.S.C. § 1983 action against four defendants-appellees:  the City of Venice, Florida, its police chief Julie Williams, and police officers Brett W. Woodworth and Sgt. Troy Crepeau.  Springman also appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion to vacate the district court's dismissal order.  After review, we affirm.

## I.  BACKGROUND

### A.    Springman's First Lawsuit

In 2009 in district court, Springman filed a complaint against the four above defendants, as well as Springman's neighbor Margaret Schreiber.  Springman's complaint arose from his May 15, 2008 arrest by Venice police officers for disorderly conduct, a charge that was eventually dismissed.

Springman's complaint asserted, inter alia, (1) a state-law malicious prosecution claim against Schreiber and (2) a § 1983 claim against the City of Venice, Williams, Woodworth, and Crepeau.  As to the § 1983 claim, Springman's complaint stated, without any factual elaboration, that the defendants "together

2

with other persons known and unknown . . . , have subjected [Springman] to a pattern of conduct consisting of . . . several individual acts of violence, intimidation, false arrest, false accusations of criminal conduct, false imprisonment, and malicious prosecution."

On October 27, 2009, defendants City of Venice, Williams, Woodworth, and Crepeau filed a motion to dismiss for failure to state a claim, or alternatively, a motion for more definite statement. Three days later, the defendant Schreiber (the neighbor) filed a motion to dismiss for lack of jurisdiction. Plaintiff Springman did not respond to these motions. On November 25, 2009, the district court issued an order noting Springman's lack of response, treating the motions as unopposed, and granting them. The district court dismissed Springman's complaint without prejudice.

On December 10, 2009, Springman moved the district court to reconsider its dismissal order and permit him to file an amended complaint. Springman's motion made no attempt to explain his failure to respond to the defendants' motions to dismiss. On December 11, 2009, the district court denied Springman's motion because Springman did not comply with Middle District of Florida Local Rule 3.01(g), requiring a party to confer with opposing counsel before filing a motion.

**B.     Complaint and Amended Complaint in Present Lawsuit**

On March 24, 2010, Springman filed the instant lawsuit against the same four defendants: the City of Venice, Williams, Woodworth and Crepeau. Springman, represented by the same attorney who represented him in the first lawsuit, asserted the same claims (except the claim against the neighbor Schreiber) as he had in the first lawsuit. On July 28, 2010, before the defendants filed an answer, Springman filed an amended complaint.

Springman's amended complaint asserts only a single-count § 1983 claim, alleging false arrest and malicious prosecution on a noise ordinance violation (April 19, 2008) and a separate disorderly conduct charge (May 15, 2008). As to the noise ordinance violation, Springman alleges he was arrested and later the charge was dismissed.

As to the disorderly conduct charge, Springman alleges that: (1) on or about May 15, 2008, Springman was at home and was playing a radio that sat on his window sill; (2) Springman's neighbors called the Venice Police Department, and Officers Woodworth and Crepeau arrived at Springman's home around 7:50 p.m.; (3) Springman's neighbor Schreiber told police that Springman frequently played the radio, and that day had played the radio from 7:26 a.m. until the police officers arrived; (4) Schreiber told Officers Woodworth and Crepeau that when she approached Springman about the radio, he responded with a profane epithet; (5)

4

Officer Woodworth could hear Springman's radio from the street when he arrived; (6) Springman showed Officers Woodworth and Crepeau where the radio was located; (7) Springman talked to Officers Woodworth and Crepeau about the music and confirmed he was to appear in court on a noise ordinance violation involving the radio; (8) Officers Woodworth and Crepeau arrested Springman for disorderly conduct on May 15, 2008; and (9) Officers Woodworth and Crepeau did not take any decibel reading to measure the noise level of Springman's radio.[1]

Springman's amended complaint (as with his previous complaints) also alleged in a conclusory fashion that the defendants "subjected [Springman] to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution" and that the defendants' "systematic pattern of conduct consists of several individual acts of violence, intimidation, false arrest, false accusations of criminal conduct, false imprisonment, and malicious prosecution." The amended complaint alleged that at all relevant times, Woodworth and Crepeau were acting at the direction of police chief Williams, and that the City of Venice knew or should have known of

[1]Springman's allegations about the disorderly conduct charge are not contained in the amended complaint itself, but in Springman's state-court motion to dismiss the disorderly conduct charge, which Springman's amended complaint attached and incorporated by reference.

5

the actions by its employees but failed to take any steps to halt or redress those actions.

**C.      Dismissal of Amended Complaint and Motion for Relief from Judgment**

On August 9, 2010, the defendants moved to dismiss the amended complaint or, alternatively, for a more definite statement.  The defendants argued, among other things, that Springman's amended complaint failed to satisfy the pleading standard of Federal Rule of Civil Procedure 8(a).  Springman again filed no response to the defendants' motion to dismiss.

On August 31, 2010, five days after the response period had elapsed, the district court granted the defendants' motion to dismiss "as unopposed."  In doing so, the district court noted that Springman failed to respond to the defendants' motion to dismiss in Springman's previous lawsuit as well as in the present lawsuit.  Thus, Springman had "ample notice of the deadline for responding to a motion and yet repeatedly fail[ed] to comply and diligently prosecute this action in accord with Local Rules 3.01 and 3.10."[2]

---

[2]Middle District of Florida Local Rule 3.01 provides, <u>inter alia</u>, that each party opposing a motion shall file a response within 14 days after service of the motion.  M.D. Fla. R. 3.01(b). Local Rule 3.10 provides, "Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."  M.D. Fla. R. 3.10.

On September 2, 2010, Springman filed a motion for relief from the district court's dismissal order, pursuant to Federal Rule of Civil Procedure 60(b)(1).  In the motion, Springman's counsel stated that he did not intentionally disregard the court's time limitations, and that on August 26, 2010, he tried to electronically file a response to the defendants' motion to dismiss but evidently "erred during the electronic filing process."  Springman's counsel was "under pressure to finalize the response, due to other demands of his schedule," which "may [have] contributed to the error."  Springman attached a proposed response to the defendants' motion to dismiss, and requested that the district court vacate the dismissal and accept Springman's response because the failure to file the response was inadvertent and the defendants would not be prejudiced by the then-seven-day delay.  The defendants opposed Springman's motion.

On October 8, 2010, the district court denied Springman's motion.  The district court concluded that Springman's counsel's "mistake, inadvertence, or carelessness" had "resulted in delay, inconvenience, and expense," and counsel's inability to comply with the Court's rules "merits no lenience."  Further, the district court concluded that, "even if counsel established good cause for permitting an untimely response, this action would nonetheless deserve prompt dismissal, because neither the factual allegations of the amended complaint nor the

7

plaintiff's response in opposition to dismissal demonstrate that the plaintiff possesses an actionable claim under 28 U.S.C. § 1983." The district court examined the contentions in Springman's amended complaint and concluded:

> [Springman] utterly fails to allege facts supporting a Section 1983 claim. Rather, the amended complaint is replete with legal conclusions and contains relatively few vague factual allegations. In fact, neither the amended complaint nor the response to the motion to dismiss provides enough information to determine what, if any, circumstance could support Springman's claim of a constitutional violation by the defendants.

Finally, as to the claim against the City of Venice, the district court noted that the amended complaint failed to allege facts setting forth a basis for municipal liability. Accordingly, the district court denied Springman's motion to vacate the order dismissing the amended complaint. Springman appealed.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[3] Springman argues the district court abused its discretion in refusing to vacate the dismissal order because Springman's

---

[3]We review a district court's denial of a Rule 60(b)(1) motion for abuse of discretion. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1355 (11th Cir. 2009).

failure to respond (1) resulted from excusable neglect, (2) resulted in only a brief delay in the proceedings, and (3) did not prejudice the defendants. See Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir. 1999) (noting that excusable neglect determination under Rule 60(b) is equitable inquiry, and four factors to consider are danger of prejudice, length of delay, reason for delay, and whether Rule 60(b) movant acted in good faith).

We need not consider Springman's excusable neglect argument, however, because we conclude that the district court's alternative holding—that Springman's amended complaint should be dismissed in any event for failure to state a claim—is correct.[4]

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

---

[4]We review de novo a district court's conclusion, pursuant to Federal Rule of Civil Procedure 12(b)(6), that a complaint fails to state a claim upon which relief can be granted. Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009), cert. denied, 130 S. Ct. 3465 (2010). Although the district court did not expressly cite Rule 12(b)(6), that rule clearly served as the basis for the district court's order.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." Id. at 555, 127 S. Ct. at 1965 (citations and footnote omitted).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1955).[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Here, Springman's § 1983 claim is based almost entirely on conclusory allegations, and the few facts Springman alleges in the amended complaint do not state a plausible claim for relief. Accepting Springman's factual allegations as true, the amended complaint demonstrates, as to the May 2008 disorderly conduct arrest, that the defendant officers knew: (1) Springman had a pending noise-ordinance violation charge, but continued to set his radio in his window and play it

---

[5]Contrary to the defendants' contention, there is no longer any heightened pleading standard for § 1983 claims against individuals entitled to qualified immunity. Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010).

so loudly it could be heard from the street; (2) Springman had been playing the radio in his window for more than 12 hours that day; (3) multiple neighbors complained to police about the noise; and (4) Springman responded abusively when one neighbor complained to him. As to the noise ordinance arrest, Springman alleges no facts except the arrest and eventual dismissal of the charges.

These facts fall far short of stating a plausible claim that the arrests or prosecutions violated Springman's constitutional rights. See, e.g., Grider v. City of Auburn, 618 F.3d 1240, 1257 & n.25 (11th Cir. 2010) (stating that police officers are entitled to qualified immunity on claims of false arrest and malicious prosecution if there is even arguable probable cause based on the facts known to the officers, for "law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity"). The fact that the charges against Springman were eventually dismissed in no way indicates that officers lacked arguable probable cause at the time of the arrests. See Howell v. Tanner, 650 F.2d 610, 615 (5th Cir. Unit B July 1981) ("Once probable cause has been established, the legality of the arrest is not affected by . . . a subsequent dismissal or acquittal of the charges."). Because Springman's amended complaint, at most, "pleads facts that are merely consistent with" the defendants' liability, "it

stops short of the line between possibility and plausibility of entitlement to relief."

Iqbal, 129 S. Ct. at 1949 (quotation marks omitted).

Because the amended complaint fails to state a claim for relief, the district court did not abuse its discretion in denying Springman's motion to vacate the dismissal order.[6]

**AFFIRMED.**

---

[6]Although Springman's proposed response to the defendants' motion to dismiss requested leave to amend if the amended complaint were deemed not to state a claim, we find, on the facts of this case, that the district court did not abuse its discretion in not permitting Springman an opportunity to file another complaint. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) ("The district court . . . need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (quotation marks omitted)).