[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10053
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62648-RSR


MAEQUERITA QUIRE,

Plaintiff-Appellant,

versus

MIRAMAR POLICE DEPARTMENT,
DETECTIVE SMITH,
OFFICER HESTER,
SERGEANT BLACK,
SERGEANT SAWCHOOM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2014)

Before ED CARNES, Chief Judge, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Maequerita Quire,[1] a pro se plaintiff, appeals the district court's decision to dismiss with prejudice her claims against the Miramar Police Department and several of its officers.

Quire filed her pro se complaint in December 2013, alleging that the Miramar Police Department and several of its officers had violated her rights.[2] The complaint described three separate incidents in which she allegedly had been assaulted by her neighbor, Messalina Parks, or by someone sent by Parks. In the first incident, a woman came to Quire's house and assaulted her, beating her for twenty minutes and breaking her cheekbone. Though Quire did not know the woman, the assaulter claimed to have been sent by Parks. Quire called the police, but no arrest was made and Detective Smith[3] refused Quire's request that he obtain Parks' phone records to see if Parks had called the assaulter shortly before the assault. In the second incident, Parks followed Quire onto Quire's property and

---

[1] The plaintiff spells her first name "Maeguerita," while all court documents spell her first name "Maequerita." For consistency's sake, we will follow the court documents' spelling.

[2] We take the facts as alleged in the complaint, construing them in the light most favorable to Quire. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001) (explaining that the standard for dismissals under Fed. R. Civ. P. 12(b)(6) also applies to dismissals under § 1915(e)(2)(B)(ii)); see also Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008) (recounting the standard for dismissals under Fed. R. Civ. P. 12(b)(6)).

[3] The complaint omits first names for several of the defendants, such as Detective Smith and Sergeant Sawchoom. We will not attempt to supply first names for them.

2

then one of Parks' friends (it is not clear if it was the same woman from the first incident) beat Quire with a baseball bat and a stone. When Quire called the police, the responding officer was "negative" toward her and wrote in his police report that the State would not prosecute the case. In the third incident, Parks came to Quire's house and poured juice on her face. After Quire reported the assault, Sergeant Sawchoom threatened to arrest her. The complaint also asserts that the Miramar Police falsely arrested Quire. The complaint itself provides no details, but an attachment that Quire included along with her complaint indicates that,[4] at some point, Parks and her friends lied to the police, telling them that Quire had assaulted Parks with a knife. The police arrested Quire for assault with a weapon, she was charged with and ultimately convicted of that offense, and as a result spent a month in prison.

Because Quire was proceeding in forma pauperis, the district court conducted a pre-service screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The court construed her complaint liberally and read it as making two claims under 42 U.S.C. § 1983. See generally Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). The

---

[4] Such documents can be considered at the dismissal stage. See Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014).

first claim alleged that the police's refusal to make arrests based on Quire's police reports violated her federal rights. The second claim alleged that Quire was falsely imprisoned when the police arrested her for assault with a weapon. The district court concluded that neither claim could provide a basis for relief and dismissed the complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. The court went on to find that, based on Quire's filings, there was no reason to believe that more careful drafting could cure the defects in her complaint. It therefore dismissed the complaint with prejudice on the ground that granting Quire leave to amend "would not serve the interests of justice but would simply prolong the inevitable dismissal of this case."

We review de novo the district court's decision to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In doing so, we liberally construe Quire's pro se pleadings. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). Because the district court's denial of leave to amend was based on futility, which is a legal conclusion, we also review the denial de novo. Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1236 (11th Cir. 2008).

Both of Quire's claims are squarely foreclosed by Supreme Court precedent. As for her first claim, the Supreme Court has held that citizens in Quire's position do not have a constitutional right to have police officers arrest another citizen. See

4

Town of Castle Rock v. Gonzales, 545 U.S. 748, 768, 125 S.Ct. 2796, 2810 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause . . . ."); DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 1003 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."); see also Lovins v. Lee, 53 F.3d 1208, 1209 (11th Cir. 1995) ("The Supreme Court has been particularly unreceptive to the [claim] that citizens of this country have a substantive due process right to be protected by government from the lawless among us.").  Nor is there any federal statute guaranteeing that state police officers will make an arrest based on a reported assault.  And if there is no federal right supporting the first claim, it cannot be a basis for relief under § 1983.  See Robertson v. Hecksel, 420 F.3d 1254, 1261 (11th Cir. 2005) ("[B]efore § 1983 . . . can come into play, the plaintiff must still establish the existence of a federal right.").  Thus, the district court did not err in dismissing the first claim.

Quire's second claim fails for a different reason.  Claims for false arrest and false imprisonment under § 1983 fail as a matter of law if there was probable cause for the arrest.  See Rankin v. Evans, 133 F.3d 1425, 1435–36 (11th Cir. 1998).  And where the plaintiff was convicted of the offense for which she was allegedly

5

falsely arrested, that judgment of conviction "conclusively establishe[s] that the arrest was made with probable cause, absent a showing of fraud, perjury or corrupt means."  Howell v. Tanner, 650 F.2d 610, 615 (5th Cir. Unit B 1981).[5]  As the district court correctly pointed out, "Quire claims only that 'Parks and her accompli[c]es' lied," which "does not negate the probable cause that the officers, in good faith, would have believed that they had."  See Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) ("Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances.").  The district court therefore did not err in dismissing the second claim.

Finally, the district court did not err in denying Quire leave to amend her complaint.  As the district court correctly noted, the problem with Quire's complaint is not that she failed to include certain factual matter or relied on overly generalized allegations; instead, the problem is that both her claims rely on theories of recovery that are invalid as a matter of law.  Thus, "a more carefully drafted complaint could not state a claim [and] dismissal with prejudice is proper." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (quotation marks omitted).

---

[5] Unit B decisions of the former Fifth Circuit are binding precedent in this Court.  See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

**AFFIRMED.**