Francis A. KIBORT, Plaintiff-Appellant,

v.

Robert E. HAMPTON et al.,
Defendants-Appellees.

No. 76–1084

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1976.

James J. McVeigh, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Patricia Jean Kyle, Asst. U. S. Atty., Miami, Fla., for defendants-appellees.

Before CLARK, TJOFLAT, and HILL, Circuit Judges.

PER CURIAM:

On July 22, 1975, the plaintiff filed a complaint in the United States District Court for the Southern District of Florida alleging that he was removed from his position with the United States Postal Service arbitrarily and capriciously, without just cause, in violation of the grievance procedures provided by the Postal Workers' National Agreement and the appeal procedures of the Civil Service Commission, and in violation of his due process rights. On September 22, 1975, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. No hearing was noticed or requested in the motion. Without any further communications of record between the parties and the court, on October 14, 1975, the motion for summary judgment was granted. The plaintiff filed a motion to set aside the order grant-

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

ing summary judgment on the ground that no notice or hearing was given as required by Rule 56 of the Federal Rules of Civil Procedure. The motion was denied, and plaintiff appealed.

Rule 56 provides in part as follows:

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits . . .

We have previously interpreted this language as requiring notice to an adverse party and a hearing. *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 863 (5th Cir. 1970); *Georgia Southern & Fla. Ry. Co. v. Atlantic Coast Line R.R. Co.*, 373 F.2d 493, 496–497 (5th Cir. 1967); *Enochs v. Sisson*, 301 F.2d 125, 126 (5th Cir. 1962). As indicated by the *Bon Air* decision, though, "hearing" does not necessarily mean an oral hearing. What the rule contemplates is 10 day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day. This provides the adverse party with an opportunity to prepare and submit affidavits, memoranda and other materials for the court to consider when ruling on the motion. If the adverse party is given this opportunity, then he has been heard within the meaning of Rule 56.[1]

Here the plaintiff received neither notice or a hearing. There was no reason for the plaintiff to suspect that the court was about to rule on the motion. If plaintiff had been given notice (by the defendants or the court), he may have submitted additional materials or moved for an extension of time to develop such materials through discovery.

This failure to provide either notice or a hearing in this case cut off plaintiff's opportunity to develop a record on which the court could fairly rule on the merits of his complaint.

VACATED AND REMANDED.

---

1. Procedures provided by local rule in some districts requiring motions for summary judgment to be accompanied by briefs and requiring opposing affidavits and briefs to be filed within a period of not less than 10 days after which the court will consider the motion submitted for decision would appear to afford adequate hearing within the meaning of Rule 56.