930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
ENCHANTED LAND BROADCASTING, INC., a (dissolved) New Mexico
corporation, Plaintiff-Appellee,
v.
John C. CULPEPPER, Jr., Anne Culpepper, Defendants,
and
Barry Turner, Karen Turner, Defendants-Appellants.
 No. 90-2183.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from the district court's order awarding summary judgment in favor of plaintiff in an action for money due on a promissory note. Defendants appeal on the grounds that the district court failed to comply with the notice and hearing requirements of Federal Rule of Civil Procedure 56(c) when it granted summary judgment for plaintiff. We affirm.
 
 
 3
 Plaintiff filed its motion for summary judgment and supporting memorandum on January 10, 1990. Defendants, acting pro se, filed three motions for an extension of time to respond, but never filed a response to plaintiff's summary judgment motion. After defendants filed their third motion for an extension of time, the district court entered its order granting plaintiff's motion for summary judgment on June 29, 1990. The judge neither conducted an oral hearing nor gave the parties individualized notice of the date he would rule on the motion. On appeal, defendants argue Rule 56(c) requires the district court to give the parties ten days' notice of a hearing on a motion for summary judgment. Defendants contend the court's grant of summary judgment should be reversed because they did not receive this required notice.
 
 
 4
 This case is indistinguishable from Geear v. Boulder Community Hosp., 844 F.2d 764 (10th Cir.), cert. denied, 488 U.S. 927 (1988). In Geear, the plaintiff failed to respond to the defendant's motion for summary judgment. A local rule required a brief in opposition to such a motion must be filed no more than twenty days after its service. The court's order granting summary judgment in favor of the defendant was entered more than twenty days after the plaintiff was served with the motion. The judge did not conduct oral argument on the motion nor provide the parties with notice of the date on which it would be decided. On appeal, the plaintiff argued the judge had failed to satisfy the notice requirements of Rule 56(c). Id. at 765.
 
 
 5
 This court held the local rule requiring responses to summary judgment motions be filed within twenty days fulfills the notice requirement of Rule 56(c). We noted:
 
 
 6
 Procedures provided by local rule in some districts requiring motions for summary judgment to be accompanied by briefs and requiring opposing affidavits and briefs to be filed within a period of not less than ten days after which the court will consider the motion submitted for decision would appear to afford adequate hearing within the meaning of Rule 56.
 
 
 7
 Id. at 766 (quoting Kibort v. Hampton, 538 F.2d 90, 91 n. 1 (5th Cir.1976)).
 
 
 8
 In the present case, New Mexico local rule 56.1(b) requires a party filing a summary judgment motion to also file a memorandum in support of that motion. This rule also requires a memorandum in response to a summary judgment motion be filed within ten days after service of the motion. Rule 7.9 states oral argument on such a motion is discretionary with the court. Based on our decision in Kibort, we conclude these local rules provide adequate notice that the motion is considered ready for a determination on its merits as of ten days after its service. The requirements of Rule 56(b) were thus satisfied in this case. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3