EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the judgment of the Court and in the majority’s opinion except its holding that the district “court’s grant of summary judgment without notice that the Court contemplated ruling on the motion for summary judgment was an abuse of discretion.” Maj. op. at 1402. Rule 56 of the Federal Rules of Civil Procedure places the burden on the adverse party to file a response which “must set forth specific facts showing that there is a genuine issue for trial.”[1] Fed.R.Civ.P. 56(e). Rule 56 also places the burden on the “party opposing the motion” to state why such “party cannot ... present ... facts essential to justify the party’s opposition.”[2] Fed. R.Civ.P. 56(f). As noted by the majority opinion, the local rules for the Northern District of Texas require a response within twenty days of the filing of a motion for summary judgment. See Maj. op. at 1400. Such local rule is sufficient-for the notice required under Rule 56. See Kibort v. Hampton, 538 F.2d 90, 91 n. 1 (5th Cir.1976) (“Procedures provided, by local rule in some districts requiring motions for summary judgment to be accompanied by briefs and requiring opposing affidavits and briefs to be filed within a period of not less than 10 days after which the court will consider the motion submitted for decision would appear to afford adequate hearing within the meaning of Rule 56.”).
I disagree with the majority’s assertion that “the district court ... implicitly acknowledged the defendants’ need for further discovery prior to responding to plaintiffs motion for summary judgment.” Maj. op. at 1402 (emphasis added).[3] The separate issue of discovery is not dispositive: Rule 56 requires filing of an affidavit or “some equiva *1408 lent statement” which states reasons why such adverse party cannot present facts essential to justify the party’s opposition. See International Short Stop, Inc. v. Rally’s Inc., 939 F.2d 1257, 1266-67 (5th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992) (“Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by ‘some equivalent statement, preferably in writing’ of its need for additional discovery, the nonmoving party is deemed to have invoked the rule.” (citations omitted)). A motion for extension of time to complete discovery — especially one which fails to state that such discovery is needed to comply with a Rule 56 response — is insufficient. See id. 939 F.2d at 1267 (stating that “[t]he nonmov-ing party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact.”).[4] Given the dictates of Rule 56 and the local rule — and defendants’ failure to comply with either — the district court did not abuse its discretion by ruling on the motion for summary judgment.[5] See Arkwright-Boston Mfrs. Mut. v. Aries Marine Corp., 932 F.2d 442, 445 (5th Cir.1991) (“As the [Supreme] Court stated: ‘[District courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.’ ” (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986))).

.Rule 56(e) states, in relevant part:
When a motion for summaty judgment is made and supported as provided in this rule, an adversc party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, the summary judgment, if appropriate, shall be entered against the adverse party, (emphasis added)

. Rule 56(f) states:
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party’s opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

. Aside from the district court's order extending the discovery deadline, there is no evidence in the record to suggest that the court granted the discovery extension to give the defendants more time to respond to plaintiff's motion for summary judgment.

. See also supra note 2.

. NL Industries, Inc. v. GHR Energy Corp., 940 F.2d 957, 965-66 (5th Cir.1991) (holding that Rule 56 permits a court to grant a summary judgment in favor of a party that did not request it, but only upon proper notice to the adverse party), Capital Films Corp. v. Charles Fries Productions, Inc., 628 F.2d 387, 390-91 (5th Cir.1980) (holding that sua sponte entry of summary judgment on causes of action added to plaintiff's complaint after motion for summary judgment, violates Rule 56) (also holding that Rule 56 requires 10 day notice and "finding no] significant distinction between this case and the Enochs [v. Sisson, 301 F.2d 125 (5th Cir.1962)] and Kibort [v. Hampton, 538 F.2d 90 (5th Cir.1976)] cases.”), and Kibort v. Hampton, supra (holding that Rule 56 contemplates 10 day notice but distinguishing cases where local rule requires briefs and opposing affidavits to be filed within a period of not less than 10 days after which the court will consider a motion for summary judgment) are inapposite.