HAWKINS, Chief Justice,
dissenting:
I respectfully dissent. Contrary to the majority, the record shows a woefully deficient prosecution of plaintiffs case by her lawyer, a circuit judge rightfully in control of his docket placing reasonable, legitimate deadlines for filing responses, and then giving the plaintiff ample opportunity to respond. The majority has just extracted all authority of a trial judge to make reasonable rules to move lethargic attorneys. The majority ignores the fact that rules of civil procedure are for trial courts, and they are in a far better position to promulgate and apply reasonable and fair rules to move cases along.
On January 8, 1986, while working with some animal hides, Mary G. Koerner sustained a puncture wound in the joint of her right little finger. She went to the emergency room of the Hancock Medical Center in Bay St. Louis where she was treated by Peggy Smith, a registered nurse, and James C. Crittenden, M.D. Complications later developed, and on March 5, 1986, Charles W. Krieger, M.D., orthopedic surgeon in Slidell, Louisiana, amputated her finger.
On January 5, 1988, Koerner filed a complaint in the circuit court of Hancock County against Dr. Crittenden, nurse Smith and the medical center. There is no appeal, however, from the dismissal of Smith and Hancock Medical Center. Dr. Crittenden answered. Also, on February 4, 1988, he propounded detailed interrogatories and requests for production of documents. Plaintiffs counsel made no response to either.
On November 1, 1989, some 21 months later, Dr. Crittenden moved for summary judgment, attaching affidavits by himself, Dr. Krieger, Wesley L. McFarland, M.D., and Roger H. Reed, M.D., which, after relating the facts pertaining to Koerner’s treatment by Dr. Crittenden, Smith and the medical center, stated that in their professional opinions there was no negligence or malpractice in their treatment of her.
The motion with affidavits was mailed to Malcolm F. Jones, attorney for Koerner that day, and received by his office the next day or day following, November 2 or 3. In effect at that time was a local rule dealing with procedures on motions for summary judgments. The rule contained the following sentence: “Counsel opposing Summary Judgment shall file a response within 10 days after receipt of the Motion for Summary Judgment.”
On November 10 the court administrator mailed Jones a letter advising him that Tom Stennis, counsel for Dr. Crittenden, had filed a motion for summary judgment, and he had 10 days within which to file his response, memorandum brief and proposed order, and enclosed a copy of the local rule.
On November 20 Koerner had filed no response, and being in total default, the circuit judge entered an order sustaining Dr. Crittenden’s motion for summary judgment, and dismissed the complaint, also citing therein failure by Koerner to prosecute her cause of action.
*837 On December 1 Jones filed a motion to reconsider. In it he acknowledged that Dr. Crittenden had filed the motion pursuant to the rules of civil procedure on November 1, and that pursuant to the local rule the summary judgment had been entered November 20. He gave as his reason for not filing a response “excusable neglect” on his part, but did not tell the court the basis for his “excusable neglect.” He went on to assert that Koerner had a meritorious cause of action, and that he wanted to take the depositions of Crittenden and the other codefendants. Jones attached no counter-affidavits, and there was nothing in the court file disputing any of the affidavits filed by Dr. Crittenden.
On December 5 the court entered an order overruling plaintiffs motion to reconsider, noting that no counter-affidavits were filed with the motion to reconsider, and that plaintiff had over a year and ten months to respond to the interrogatories and request for production of documents and otherwise prepare for trial.
On December 15 Jones again filed a “Motion and Brief’ for the court to reconsider and set aside its summary judgment entered November 20, citing as reason therefor he had not been granted a hearing, and that the local rule was unauthorized and inconsistent with Rule 56 M.R.C.P. Again, no counter-affidavits were filed, or anything else creating an issue of fact as to Dr. Crittenden’s malpractice or negligent treatment of Koer-ner.
On January 26, 1990, Jones filed answers to the interrogatories, a response to the request for production of documents, and for the first time a counter-affidavit of James R. Gosey, M.D., which did create an issue of fact on whether or not Dr. Crittenden was negligent in his treatment of Koerner and guilty of malpractice.
The circuit judge heard arguments on the motion on January 29, and on November 13, 1990, entered still another order denying the motion to reconsider.

LAW

Mississippi Rule of Civil Procedure 56(b), (c) states in pertinent part:
RULE 56. SUMMARY JUDGMENT
(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
(c) Motion and Proceedings Thereon. The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
In this case the circuit judge, following his local rule, did not conduct a hearing on November 20, 1989, before granting a summary judgment for the defendant. Clearly, the failure to conduct a hearing did not prejudice Koerner. Even if he had conducted a hearing that day the circuit judge would have had no alternative but to grant Dr. Crittenden a summary judgment, because there was nothing before the court disputing the affidavits of the physicians. Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss.1983); Smith v. First Federal Sav. & Loan Ass’n, 460 So.2d 786, 792 (Miss.1984); Phillips By and Through Phillips v. Hull, 516 So.2d 488, 490-91 (Miss.1987); Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1355 (Miss.1990). For the same reason, failure to conduct a hearing on December 5 before overruling Koerner’s motion to reconsider did not prejudice Koerner. What prejudiced her was the failure of her attorney Jones to produce one single piece of evidence contrary to the affidavits of the physicians. Ditto for December 15.
Our Rules of Civil Procedure are patterned after the Federal rules. In Hamman v. Southwestern Gas Pipeline, Inc., 721 F.2d 140 (1983), the Fifth Circuit Court of Appeals *838 faced the identical question presented in this case, and held:
Rule 56(e) of the Federal Rules of Civil Procedure provides that a summary judgment motion shall be served at least ten days before the time fixed for the hearing. We have previously interpreted the language of this rule as requiring notice to an adverse party and a hearing. Kibort v. Hampton, 538 F.2d 90, 91 (5th Cir.1976). Such a “hearing,” however, need not necessarily be an oral one. Rather, the rule contemplates ten days advance notice to the adverse party that the matter will be taken under advisement as of a certain day. Id.
The Kibort court specifically stated, however, that procedures provided by local rules requiring motions for summary judgment to be accompanied by briefs and requiring opposing affidavits and briefs to be filed within a certain period afford an adequate hearing within the meaning of the rule. Id. at 91 n. 1. In Howell v. Tanner, 650 F.2d 610 (5th Cir.1981), we held that a local rule providing that a respondent to a motion for summary judgment must submit all briefs within ten days and that all motions would be decided without a hearing unless otherwise ordered by the court fully satisfied the notice and hearing requirements of Rule 56.
Local rules governing today’s case are quite simular to those in Howell. Rule 5.1(e) provides that “[a]ny response to a motion shall be filed within 20 days from the date of filing of the motion. N.D.Tex.R. 5.1(e). Rule 5.1(f) provides that “[ojral argument on motions will not be held unless directed by the Court.” N.D.Tex.R. 5.1(f). These rules put appellants on notice that the district court could decide the motion at any time after 20 days had passed from the time it was file. Appellants had filed a responsive brief. The requirements of Rule 56(c) were satisfied.
Id. at 142. See also Geear v. Boulder Community Hospital, 844 F.2d 764 (10th Cir. 1988). Both Hamman and Geear held that local rules by a district court similar to the local rule in effect here complied with Rule 56(c) of the Federal Rules of Civil Procedure. The majority cites neither of these cases.
Federal Rules required the approval of the United States Congress, and are in effect Acts of Congress. Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (affirming 682 F.Supp. 1033 (W.D.Mo.1988)); 28 U.S.C. § 2076; Sib-bach v. Wilson & Co., 312 U.S. 1, 9-10, 61 S.Ct. 422, 424-25, 85 L.Ed. 479 (1941). Our Rules of Civil Procedure, however, emanated solely from this Court. Page, Constitutionalism and Judicial Rule Making, 3 Miss. Coll.L.Rev. 1; Ball, Comment, The Limits of the Mississippi Rule-Making Authority, 60 Miss.L.J. 2 (1990); Morton, Note, Rules, Rulemaking and the Ruled: The Mississippi Supreme Court as the Self Proclaimed Ruler, 12 Miss.Coll.L.Rev. 293 (1991). This would lead one to believe that a United States district court judge has considerably less leeway in interpreting and implementing the Federal Rules than a trial court judge in Mississippi. After all, our Rules presumably are for the assistance of trial judges and trial litigants. Not so, however: a circuit judge by the majority’s pronouncement is a toothless tiger in implementing or furthering the purposes behind the rules.
In Hines v. State, 472 So.2d 386, 389 (Miss. 1985), we held: “We regard the fixing of orderly time limitations within which various actions must be taken by the parties well within the rule-making power of any court.” In Hines, there was a local order setting a certain time date by which all motions could be filed, and the defendant filed his demurrer to the indictment the morning of trial. We held the circuit judge did not commit error in overruling the demurrer as being untimely filed.
Busy trial judges should not have to spend time wet-nursing lazy or lackadaisical lawyers. Our over-loaded judicial system can ill-afford such a luxury.
The local rule in effect in this case was one the circuit judge felt was needed, it was not contrary to the intent or spirit of Rule 56, and it should not be declared void by this Court simply because it did not follow every letter of the Rule.
*839 The majority cites Johnson v. Weston Lumber & Building Supply Co., 566 So.2d 466 (Miss.1990), and Waits v. Pennington, 598 So.2d 1308 (Miss.1992), both factually distinguishable and the rationale of which support this dissent.
Finally, the majority correctly quotes our Rule 83, which requires this Court to approve local rules. I do not view Rule 83 as restricting trial judges from promulgating without this Court’s approval any local rule they choose which does not conflict with, supersede or go beyond the framework of our Rules. The local rule in this case, as the Federal cases illustrate, did not.
PRATHER, P.J., joins this opinion.