In re: ESTATE OF Terrell Irby GREENE, Iris McCollum Green, Appellant.

No. 02–PR–450.

District of Columbia Court of Appeals.

Submitted June 23, 2003.
Decided July 31, 2003.

Iris McCollum Green, pro se.

Anne Meister, Washington, DC, for appellee.

Before SCHWELB and
WASHINGTON, Associate Judges, and
KING, Senior Judge.

WASHINGTON, Associate Judge:

Appellant, Iris McCollum Green, appeals an order removing her as successor limited conservator for the estate of Terrell Irby Greene. Appellant contends that the court erred when it removed her as successor limited conservator without holding an oral hearing pursuant to D.C.Code § 21–2061 (2001), and Super. Ct. Prob. R. 309. Concluding that the trial court did not err, we affirm.

**I.**

On November 10, 1997, appellant was appointed as a successor limited conservator for the estate of Terrell Irby Greene. Typically, because the conservator has title by appointment to the property, the conservator is bonded to cover the assets of the estate. However, in this case, the court did not require that appellant obtain a bond. Instead, the court ordered Morgan Stanley ("Stanley"), the custodian of the estate, to obtain the bond. When Stanley failed to provide the bond, the court held a show cause hearing to determine whether Stanley should be removed as custodian. At that hearing, appellant indicated that because Mr. Greene was no longer a minor, it was improper for the estate to be managed by a custodian, but rather she, as the conservator, should have the responsibility to manage the estate and to obtain a bond. The court agreed, removed Stanley as custodian, and ordered appellant to obtain a bond in the amount of $700,000.[1]

Appellant did not comply with the order, and on October 31, 2001, the Office of Register of Wills sent appellant an official notice directing her attention to the order and requesting her appearance at that Office no later than November 14, 2001, to sign the bond and qualify as conservator. The notice also stated that should appellant fail to sign the bond and qualify as conservator by November 14, 2001, an order vacating her appointment would be entered. Appellant never appeared to sign the bond.

On November 30, 2001, appellant was removed as successor limited conservator for the estate. On December 6, 2001, appellant filed a Motion for Reconsideration and to Vacate the Order of Removal argu-

---

1. Bond for this estate was set at $700,000.00 to cover the proceeds of a medical malprac- tice award.

ing that she was entitled to a hearing before she could be removed. The court denied appellant's motion, and on March 5, 2002, appellant filed a timely notice of appeal.

## II.

This court reviews a matter of statutory interpretation *de novo. See District of Columbia, v. Gallagher,* 734 A.2d 1087, 1090 (D.C.1999). D.C.Code § 21–2061 states that "[t]he court may remove a conservator for good cause, *upon notice and hearing,* or accept the resignation of a conservator." (Emphasis added.). The Super. Ct. Prob. R. 309 states that "[i]f [an] irregularity or default is not remedied, the Register of Wills shall report it to the Court which, after *notice to the fiduciary and a hearing,* may either remove the fiduciary and appoint a successor ... or excuse the irregularity or default or take other appropriate action." (Emphasis added.).

Our cases have generally interpreted the statute and rule as mandating a hearing prior to the removal of a conservator. *See In re Estate of Spinner,* 717 A.2d 362, 363 n. 2 (D.C.1998) ("If after notification by the Register of Wills, any irregularity is not remedied, the court must set a summary hearing 'and, *at the hearing,* remove the person and appoint a successor'....") (emphasis added and citations omitted). *See also In re Estate of Delaney,* 819 A.2d 968, 1002 (D.C.2003) ("Under D.C.Code § 20–526(b), the trial court must remove the personal representative if it finds, *after a hearing,* that he or she committed one of several infractions enumerated therein.") (Emphasis added.).[2]

However, while a hearing is required, the hearing need not *inevitably* be an oral one. Rather a hearing *in certain circumstances* may be held through written submission. *See Kibort v. Hampton,* 538 F.2d 90 (5th Cir.1976). Appellant, in this case, filed a motion for reconsideration prior to filing the instant appeal. That motion certainly provided appellant as it would any prudent attorney, with an opportunity to state the reasons why she believed that good cause did not exist to remove her as conservator for the estate of Terrell Irby Greene. She did not offer any challenge to the court's decision and without such a challenge, it was reasonable for the trial court to conclude that a further hearing on her motion was unnecessary. Further, because appellant failed to challenge the reason for her removal as not being for good cause, there is nothing in the record from which we can conclude that appellant was prejudiced by the court's decision. *See* D.C.Code § 11–721(e). Finally, based on the court's denial of the Motion for Reconsideration and given the lack of any proffer on appeal that would excuse appellant's failure to perform this most basic of obligations, we conclude that a remand would be futile. *See In re Melton,* 597 A.2d 892, 908 (D.C. 1991) ("To remand the case simply for the purpose of requiring the judge to make the prescribed finding now would be a symbolic rather than a practical act, which we view as unnecessary and as incompatible with good judicial husbandry.").

Therefore, the judgment of the trial court is

*Affirmed.*

---

**2.** The Superior Court afforded notice and a hearing to Morgan Stanley before its removal as custodian.