NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MAYFONK, INC.**
*Petitioner.*

---

2014-100

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in Nos. 0:13-CV-6075 and 9:13-CV-81001-KLR, Judge Donald M. Middlebrooks.

---

**ON PETITION**

---

Before RADER, *Chief Judge*, DYK and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

## O R D E R

Mayfonk, Inc. ("Mayfonk"), the plaintiff in the underlying patent infringement suit, seeks a writ of mandamus directing the District Court for the Southern District of Florida to, inter alia, vacate its order granting defendant Nike, Inc.'s ("Nike") motion to transfer venue to the District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, we deny the petition for mandamus.

In its transfer order, the district court found that the "'center of gravity' of the alleged infringement occurred in the District of Oregon . . . where the accused products in this action were designed and developed." The court recognized the existence of some party and non-party witnesses in the Southern District of Florida. However, because most of the identified individuals with knowledge relating to the case reside in Oregon, the court determined that the convenience of the parties and witnesses ultimately weighed in favor of transfer. The court further noted that Mayfonk had previously entered into an agreement with Nike that contained a forum selection clause designating Oregon as the chosen forum for dispute resolution. While refusing to give the clause dispositive weight in light of the differing views as to whether that agreement remained valid and relevant to this litigation, the court found that Mayfonk's contemplation of the possibility of having to litigate a dispute in Oregon weighed in favor of transfer.

In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). It is true, as Mayfonk points out, that under Eleventh Circuit law "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Van Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981). However, when the district court determines that transfer of the case is justified, the appellate court's role in reviewing that decision is quite limited; we look only to see whether the party seeking to reverse the transfer ruling has established a "clear abuse of discretion." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("Absent a clear abuse of discretion, an appellate court will not reverse a court's decision to transfer a case."); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (petitioners seeking a writ of manda-

mus must establish that right to issuance is "clear and undisputable."). This court concludes that Mayfonk has failed to do so.

Generally, "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Here, the district court analyzed the relevant factors and concluded that most factors were neutral or weighed in favor of transfer. In particular, the court determined that "more witnesses would be inconvenienced by conducting the litigation in Florida than would be if the case is tried in Oregon," and that Oregon constitutes the "'center of gravity'" of this patent infringement case because it is where the accused product was designed and developed. While Mayfonk contends that the district court should have given more weight to certain potential witnesses and events that occurred in Florida in its transfer calculus, it has not made a compelling showing why the district court's order was so incorrect as to warrant the extraordinary relief of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court