**INTERNAP CORPORATION, Plaintiff,**

v.

**NOCTION INC., Defendant.**

**Civil Action No. 1:14–CV–03872–AT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed June 29, 2015.

James Moskal, Warner, Norcross & Judd, LLP, Grand Rapids, MI, Ron C. Bingham, II, Baker Donelson Bearman Caldwell & Berkowitz, PC, Ronald J. Stay, Jr., Stites & Harbison, PLLC, Atlanta, GA, for Plaintiff.

Edward G. Poplawski, Grace J. Pak, Olivia M. Kim, Wilson Sonsini Goodrich & Rosati, Los Angeles, CA, Todd Deveau, Wesley Austin Roberts, Dan Robert Gresham, Thomas Horstemeyer, LLP, Atlanta, GA, for Defendant.

## ORDER

AMY TOTENBERG, District Judge.

This matter is before the Court on Defendant Noction's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) [Doc. 12]. For the following reasons, the Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

This is a patent infringement action filed in the Northern District of Georgia. (Compl. ¶ 3.) Plaintiff Internap owns two network routing technology patents—the '190 patent and the '966 patent. (Id. ¶¶ 7, 9.) Internap alleges that Defendant Noction's Intelligent Routing Platform ("IRP") infringes on the '190 patent, and seeks discovery to determine if IRP also infringes on the '966 patent. (Id. ¶¶ 11, 13.) Defendant seeks to transfer this action to the Northern District of California.

Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and headquarters located in Atlanta, Georgia. (Id. ¶ 1.) Plaintiff has several

offices throughout the United States, including one in Santa Clara, California, in the Northern District of California. Defendant Noction is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California, (Ans. ¶ 2), which is in the Northern District of California.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) states that a district court may transfer a civil action to another district where it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." Thus, the first step under § 1404(a) is to determine whether the present action could have been brought in the United States District Court for the Northern District of California. *See Tommy Bahama Group, Inc. v. The Walking Co.*, No. 1:07–CV–1402–ODE, 2007 WL 3156254, at *2 (N.D.Ga. Oct. 18, 2007).

 Once a court confirms that Plaintiff could have brought the action in the transferee venue, it next looks to nine factors to determine the propriety of transfer:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005). When considering transfer for venue purposes, "trial judges are afforded considerable discretion" in weighing the criteria under 28 U.S.C. § 1404(a). *Tommy Bahama*, 2007 WL 3156254, at *2. "[T]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations, and a transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes." *Van Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981).

## III. ANALYSIS

### a. Whether the Action Could Have Been Brought in the Proposed Alternate Forum

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A defendant corporation "shall be deemed to reside ... in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

 Defendant Noction asserts that its principal place of business is in the Northern District of California, so personal jurisdiction over Noction lies there. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204–05 (11th Cir.2015) (quoting *Daimler AG v. Bauman*, ─── U.S. ───, 134 S.Ct. 746, 760, 187 L.Ed.2d 624 (2014)). And if that district has personal jurisdiction, Defendant "resides" there under § 1391(c)(2), which, in turn, means a civil action for patent infringement can be brought there. 28 U.S.C. § 1400(b). Thus, the Court finds that Plaintiff Internap could have brought the action in the Northern District of California. The Court therefore turns to whether the Northern District of California would be a more convenient forum than the Northern

District of Georgia. The burden is on Defendant to show that the balance of conveniences weighs in favor of the transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989).

#### b. Whether Transfer to the Northern District of California Is More Convenient for the Parties and Witnesses

##### 1. *The convenience of the witnesses*

"Witness convenience is one of the most important factors in evaluating a motion to transfer . . ., with a focus on 'key witnesses.'" *Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 1:12–CV–0229–JEC, 2013 WL 5423106, at *8 (N.D.Ga. Sept. 26, 2013) (internal cite omitted). In a patent infringement action, "key witnesses" are "the parties themselves and possibly expert witnesses and customers." *Id.* However, "party witnesses are assumed to be more willing to testify in a different forum than non-party witnesses. Thus, the convenience of non-party witnesses carries more weight on a district court's decision to transfer." *Id.*

Defendant Noction identifies several non-party witnesses in or near the Northern District of California. Both inventors of the '190 patent and one inventor of the '966 patent are known to reside there. The last known addresses for the other three inventors of the '966 patent are also in the Northern District of California. Noction also identifies an unspecified number of witnesses from RouteScience, a company that developed prior art technology to the patents-in-suit, and Avaya, the present owner of the prior art patents. Both RouteScience and Avaya

are headquartered in the Northern District of California.

Plaintiff Internap identifies a single non-party witness in the Northern District of Georgia—an internet service provider, Hivelocity, which uses Defendant Noction's allegedly infringing IRP technology in their "point of presence" in Atlanta. (Pl.'s Resp. Ex. 1, Decl. of Matthew Goska.) It is unclear whether Hivelocity's "point of presence" is one that increases the convenience of any Hivelocity witnesses who might testify in this district, or if the "point of presence" is merely a digital presence. It is also unclear what testimony any Hivelocity employee might offer. Because the non-party witnesses are mainly in or near the Northern District of California, this factor weighs in favor of transfer.[1]

##### 2. *The location of relevant documents and access to sources of proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed.Cir. 2009). Here, the relevant documentary evidence is located mostly in the Northern District of California, at Defendant Noction's Sunnyvale, California location. However, as Defendant Noction's document production (in this software infringement action between two technology companies) is likely to be electronic, this factor weighs only slightly in favor of transfer. *See Polyform A.G.P. Inc. v. Airlite Plastics Co.*, No. 4:10–CV–0043–CDL, 2010 WL 4068603, at *4 (M.D.Ga. Oct. 15, 2010)

---

1. The Court has some concern about the viability of Count 2 for the reasons described by Defendant in its pending Rule 12(b)(6) motion. However, even if Count 2 is dismissed, the outcome is the same and witness convenience weighs in favor of transfer. Moreover, such dismissal likely could be without prejudice and with leave to replead the claim if facts unearthed in discovery should support it.

(noting that the location of documents is not a significant factor in the transfer analysis "given the widespread use of electronic document production").

### 3. *The convenience of the parties*

Merely shifting inconvenience from one party to another is an insufficient basis for transfer. *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14–20529–CIV–SEITZ, 2014 WL 3673314, at *5 (S.D.Fla. July 23, 2014). Defendant has an office in the Northern District of California but not one in the Northern District of Georgia. Plaintiff has offices in both potential forum districts, but Plaintiff indicates that all of its key company witnesses are located in the Georgia office. Therefore, a transfer would merely shift the inconvenience of litigating from Defendant to Plaintiff, and this factor is neutral as a result.

### 4. *The locus of operative facts*

Courts look to the location where the patent-in-suit was developed—including the design, development, marketing, manufacture, and sale of the defendant's accused product—to determine the locus of operative facts. *Polyform A.G.P.*, 2010 WL 4068603, at *5. Plaintiff Internap's claims center on IRP's infringement of its '190 patent and potential infringement on the '966 patent. Noction researched, developed, and marketed IRP either in the Northern District of California or in Moldova, and all manufacturing for domestic sales was completed in the Northern District of California. Moreover, the patents-in-suit were developed in or around the Northern District of California, (Compl. Exs. A. B), and Defendant has multiple customers of the allegedly infringing product that are headquartered there. The Northern District of California is thus what some courts refer to as the "center of gravity" of this patent infringement action. *See, e.g., In re Mayfonk, Inc.*, 554 Fed. Appx. 943, 944 (Fed.Cir.2014); *Trace–Wil-*

*co, Inc. v. Symantec Corp.*, No. 08–80877–CIV, 2009 WL 455432, at *2 (S.D.Fla. Feb. 23, 2009).

Plaintiff Internap counters that Defendant Noction has sold the infringing product to customers throughout the United States, including one in the Northern District of Georgia. (Reply at 2.) However, "[t]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue," *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed.Cir.2010), nor does a sale to a single customer shift the locus of operative facts away from a potential transferee venue with so many more connections. Even assuming *arguendo* that the design and development of the infringing product did not occur entirely within the Northern District of California, it is undisputed that it did not take place in the Northern District of Georgia. Accordingly, the locus of operative facts is mainly in the Northern District of California, and this factor favors transfer.

### 5. *The availability of process to compel the attendance of unwilling witnesses*

Defendant contends two key non-party witnesses—the inventors of the patent-in-suit—reside in the Northern District of California, and are therefore subject to that court's subpoena power. In rebuttal, Plaintiff Internap identifies a Noction customer, Hivelocity, which uses the IRP in Atlanta, and claims that Hivelocity has no known facility in the Northern District of California. It is unclear whether Hivelocity's point of presence in Atlanta via its peer network is physical or merely digital, which makes it unclear whether such presence subjects it to the subpoena power of this Court. As a result, this factor weighs in favor of transfer.

### 6. The relative means of the parties and the forum's familiarity with governing law

Neither party argues that these two factors weigh in favor of or against transfer, and the Court agrees. These factors are neutral.

### 7. Weight accorded to Plaintiff's choice of forum

In the Eleventh Circuit, a plaintiff's "choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981)). Even so, multiple district courts within the Eleventh Circuit have found, and this Court agrees, that Plaintiff's choice of forum should be entitled to less weight where the locus of operative facts is outside of the chosen forum. *See, e.g., Capella Photonics*, 2014 WL 3673314, at *6 (citing *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186, 1189 (S.D.Fla.2007); *Wi—LAN USA, Inc. v. Apple Inc.*, No. 12–24318, 2013 WL 1343535, at *5 (S.D.Fla., Apr. 2, 2013)). As discussed above, the locus of operative facts is the Northern District of California. Therefore, while this factor weighs against transfer, its effect is somewhat muted.

### 8. Trial efficiency and the interests of justice

When considering whether interests of justice favor venue transfer, courts evaluate "[a]ccess to evidence, availability of witnesses, the cost of obtaining witnesses, the possibility of a jury view, and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Tommy Bahama*, 2007 WL 3156254, at *3 (internal citations omitted). These considerations, as addressed above, weigh in favor of transfer. Additionally, there is no strong local interest in adjudicating this matter in the Northern District of Georgia, and the Court has not issued any substantive rulings in this matter. Further, the parties do not cite any concerns regarding delay, administrative difficulties, or prejudice in either venue. Thus, the Court finds that this factor weighs in favor of transfer.

## IV. CONCLUSION

For all of the above reasons, the Court concludes that this action can be adjudicated more conveniently in the United States District Court for the Northern District of California, without the major challenges of accessing out-of-district witnesses. Defendant's Motion to Transfer Venue [Doc. 12] is therefore **GRANTED**, and it is **ORDERED** that this Cause of Action be **TRANSFERRED** to the United States District Court for the Northern District of California. The Clerk is **DIRECTED** to take all necessary steps to effectuate the transfer.